# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-00042-SRC |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Reginald A. Morgan, a resident of St. Louis Psychiatric Rehabilitation Center, to proceed in the district court without prepaying fees and costs.  Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee, and will waive the filing fee.  In addition, after initial review, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at

679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Procedural History[1]**

In 1992, plaintiff was charged in Missouri state court with first degree assault, armed criminal action, and unlawful use of a weapon for allegedly stabbing a man. In March of 1994, the Circuit Court of the City of St. Louis entered judgment acquitting plaintiff on the ground of mental disease or defect, and ordered him committed to the custody of the Department of Mental

---

[1] The following procedural history is drawn from earlier proceedings. *See Morgan v. Javois*, No. 4:17-CV-1640-SPM (E.D. Mo. Sept. 28, 2017); *Morgan v. Lacy*, No. 4:05-CV-263-HEA/MLM, 2005 WL 2290578 (E.D. Mo. Sept. 20, 2005); *see also Morgan v. Javois*, 744 F.3d 535 (8th Cir. 2013). Plaintiff has brought more than twenty cases in this Court since 1994. The Court takes judicial notice of these records. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) ("The court may take judicial notice of its own orders and of records in a case before the court.").

Health.  The court ordered that plaintiff was not to be released except in accordance with statutory procedures and court approval.  Plaintiff has been in psychiatric care ever since.

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that an unknown defendant driving a semi-truck "failed to stop [his] truck while talking on [his] cell phone," and rear-ended a van in which plaintiff was being transported.  The accident occurred in St. Louis County on August 24, 2018, and plaintiff suffered injury to his left neck and shoulder.  Other than these details, plaintiff alleges nothing more in his complaint, stating only "see disk submitted."

Submitted with plaintiff's complaint is a CD-ROM along with a cover letter from the law firm Brown & Brown.  The letter states, "Per  your discussion with our office, enclosed is a disk with your file."  The disk contains all plaintiff's records from the St. Louis Psychiatric Rehabilitation Center since the accident on August 24, 2018.  The disk contains hundreds of pages of plaintiff's psychiatric and psychologic progress notes, group therapy notes, prescription history records, physical therapy records, nurses progress notes, nutrition progress notes, etc.  It appears plaintiff had enlisted the services of the private law firm Brown & Brown to gather his medical records and evaluate whether plaintiff had a claim against the truck driver.  Brown & Brown is not representing plaintiff in this action, but instead forwarded the hard-copy records to plaintiff after their review.[2]

For relief, plaintiff states he is seeking "money for damages [incurred] the trucker should have rested up before driving over 10 hours."

---

[2] Of note, during plaintiff's last physical therapy appointment on November 27, 2018, his physical therapist stated, "Patient reported his lawyer wanted him to discontinue his P.T. and suggested if he's still having pain he may receive a better settlement.  Plaintiff declined further skilled intervention."

**Discussion**

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law"); and *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Liberally construed, plaintiff's complaint states a claim for negligence against an unknown semi-truck driver who rear-ended a state vehicle in which plaintiff was being transported. Nothing

in plaintiff's complaint or the accompanying records suggests any actionable conduct fairly attributable to the state. Plaintiff has not identified the driver of the semi-truck, nor has he alleged the driver was a state actor or participating in any joint effort with a state actor. Plaintiff has not alleged anything from which the Court could construe that the state deprived plaintiff of any constitutionally protected federal right. For this reason, plaintiff's § 1983 complaint against defendant John Doe will be dismissed on initial review under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and plaintiff's filing fee is waived. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's complaint brought against defendant John Doe is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of July, 2020.

*SL R. CR*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE