# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-00042-SRC |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the post-dismissal motion of self-represented plaintiff Reginald A. Morgan, a resident of St. Louis Psychiatric Rehabilitation Center, for a rehearing.[1] For the following reasons, the motion will be denied.

On July 21, 2020, the Court entered a Memorandum and Order and an Order of Dismissal, dismissing plaintiff's complaint after initial review. *See* ECF Nos. 9 and 10. Liberally construed, plaintiff's complaint stated a claim for negligence against an unknown semi-truck driver who rear-ended a state vehicle in which plaintiff was being transported. The Court found that plaintiff had not identified the driver of the semi-truck, nor had he alleged the driver was a state actor or participating in any joint effort with a state actor. Plaintiff had not alleged anything from which the Court could construe that the state deprived plaintiff of any constitutionally protected federal right, and the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.*

---

[1] Attached to plaintiff's one-page motion are two pages from his appellate case filed in the Eighth Circuit Court of Appeals in 2017, *Reginald Morgan v. Laurent Javois*, No. 17-3258 (8th Circuit). One page is titled "Second Motion Letter Requesting Funds Morgan's Account" and is unintelligible. *See* ECF No. 11 at 3 (mentioning plaintiff's desire to have only 48 cameras in his castle). This "Second Motion Letter" has been file-stamped twice in plaintiff's 2017 case, once as having been filed on September 12, 2018 and then again on June 29, 2020. The document does not belong in this case, and the Court will disregard it.

On July 30, 2020, plaintiff filed the instant motion, which he titled "Motion for Rehearing." Plaintiff's motion states in full: "This Court held that defendants did nothing wrong. The Court argued for defendants and took no part on plaintiff's [be]half." Contrary to plaintiff's assertion, however, the Court did not hold that defendant "did nothing wrong." The Court held that the defendant was not a state actor subject to suit under 42 U.S.C. § 1983. *See* ECF No. 9 at 4-5. This determination has not changed. For this reason, plaintiff's post-dismissal motion for a rehearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion for rehearing is **DENIED**. [ECF No. 11]

Dated this 10th day of August, 2020.

_SL R. CL_

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE